UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN R. H.,<br><br>    Plaintiff,<br><br>    v.<br><br>MARTIN J. O'MALLEY,[1]<br><br>Commissioner of Social Security,<br><br>    Defendant. | Case No. 2:23-cv-02722-FLA (SSCx)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

---

[1] The Commissioner's name has been updated in accordance with the requirements of Federal Rule of Civil Procedure 25(d).

Pursuant to 28 U.S.C. § 636, the court has reviewed the Complaint, the records on file, and the Report and Recommendation of the United States Magistrate Judge ("Report"). Dkt. 26 ("Report"). Further, the court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

The Report recommends that the decision of the Administrative Law Judge ("ALJ") denying Plaintiff's application for Social Security disability benefits be affirmed. *See* Report. As explained below, Plaintiff's objections to the Report, Dkt. 27 ("Obj.'s"), do not warrant a change to the Magistrate Judge's findings or recommendation.

Plaintiff objects that the Report "improperly relies on reasoning not advanced by the ALJ." Obj.'s at 2. This objection is based on the opinion of Dr. Stewart, a psychologist. Dkt. 10-9 at 153–57. Dr. Stewart stated that Plaintiff "may" have difficulty in two areas of mental functioning: (1) making simplistic work-related decisions without special supervision; and (2) interacting appropriately with supervisors, coworkers, and peers on a consistent basis. Dkt. 10-9 at 156. When Plaintiff argued the ALJ improperly omitted these limitations from the residual functional capacity ("RFC") finding, the Report found that "[t]he ALJ was not required to incorporate in the RFC limitations that are uncertain, and Dr. Stewart equivocated by adding 'may' to these opined limitations." Report at 8. Plaintiff argues the Report improperly found these portions of Dr. Stewart's opinion to be uncertain and equivocal because the ALJ made no such finding. Obj.'s at 3.

Plaintiff's objection does not overcome the Report's finding that "because these were not concrete limitations the ALJ was not required to explain the omission." Report at 8. An ALJ is not required to discuss evidence that is not significant and probative. *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (*per curiam*); *see also Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) (ALJs are not required "to draft dissertations when denying

benefits"). Equivocal evidence is not significant and probative. *See Trina v. Saul*, 2021 WL 1181168, at *9 (D. Or. Mar. 29, 2021) (collecting cases). Thus, the Report properly found that these portions of Dr. Stewart's opinion, because of their uncertain and equivocal nature, need not have been included in the RFC finding, even without an explanation from the ALJ for the omission.

## ORDER

Accordingly, it is hereby ORDERED:

1. The Report and Recommendation of the Magistrate Judge is accepted and adopted;
2. The decision of the Commissioner is affirmed; and
3. Judgment shall be entered accordingly.

IT IS SO ORDERED.

Dated: July 5, 2024

FERNANDO L. AENLLE-ROCHA
United States District Judge

3